UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE A. FARBER, M.D.      *       CIVIL ACTION

VERSUS                 *       NO: 06-3475

LOUISIANA STATE BOARD OF    *       SECTION: "D"(5)
MEDICAL EXAMINERS, ET AL

### ORDER AND REASONS

Before the court is the **"Motion to Dismiss or, in the Alternative, Motion for Summary Judgment"** filed by Defendants, the Louisiana State Board of Medical Examiners (Board), Rita Arceneaux and Charles Foti. Plaintiff, George A. Farber, M.D., filed a memorandum in opposition. The motion, set for hearing on Wednesday, November 22, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted in part.

### I.  Background

### (A)  The 2001 Administrative Complaint and the 2002 Consent Order

In 2001, the Board issued an administrative complaint against

Plaintiff's medical license, alleging, among other things, that Plaintiff (a dermatologist) had engaged in the improper administration of Linocin. (Plaintiff's Complaint, ¶¶ 8-9). On February 18, 2002, Plaintiff and the Board entered into the 2002 Consent Order which reprimanded Plaintiff for substandard medical care. (Plaintiff's Complaint, ¶ 10, Defendants' Ex. C, the 2002 Consent Order). The 2002 Consent Order further required Plaintiff to "cease and desist from prescribing or administering Linocin for any patient for any reason." (Plaintiff's Complaint, ¶ 11, Defendants' Ex. C, the 2002 Consent Order, p. 4).

The 2002 Consent Order also reflected that Plaintiff was waiving his rights to notice of the charges, formal adjudication and written decision, and that he consented to entry of the Consent Order pursuant to LSA-R.S. §49:955(D). (Defendants' Ex. C, the 2002 Consent Order, p. 3). At the March 19, 2002, Board meeting wherein the 2002 Consent Order was discussed, Plaintiff stated:

> Well, my only concern would be patient confidentiality in regard to what anybody wants to see. Other than that, I have no reservation about compliance whatsoever. I'm happy to do it.

(Defendants' Ex. F, transcript of Board's March 19, 2002, meeting).

The 2002 Consent Order explicitly provides that: Should Dr. Farber fail to abide by the terms of this Consent Order in any respect, Dr. farber herein acknowledges that said failure(s) shall

2

constitute grounds for administrative/disciplinary action by the Board." (Consent Order, p. 5). Plaintiff signed the 2002 Consent Order in the presence of a notary public and two witnesses. (Consent Order, p. 6).

### (B)  The 2004 Administrative Complaint

On February 25, 2004, the Board issued another administrative complaint against Dr. Farber. (Defendants' Ex. G, 2004 Administrative Complaint). In this 2004 administrative complaint, the Board alleged that Dr. Farber had "resumed the prescribing of Linocin." (*Id*. at ¶ 5). An administrative hearing was scheduled for September 22, 2004.

### (C)  Plaintiff's 2004 Federal Complaint

On August 9, 2004, Plaintiff filed a "Complaint for Declaratory Judgment, Damages and Injunctive Relief" in this court, Docket No. 04-2248, against the Board, Charles Foti (the Attorney General for the State of Louisiana), Dr. Cecelia Mouton and Dr. John Bobear. In this Complaint, Plaintiff alleged that he had signed the 2002 Consent Order "under duress and threat of economic coercion." (2004 Complaint, ¶ 10). Dr. Farber also alleged, in part, that: the prohibition against his prescribing Linocin was "in derogation of federal constitutional law" (2004 Complaint, ¶ 1); and the FDA had approved Linocin and that, under the federal Constitution's supremacy clause, "any state action contrary to the

[federal Food, Drug and Cosmetic Act] is preempted" (*Id*. at ¶¶ 16 & 17).

Plaintiff sought an order declaring the 2002 Consent Order to be an absolute nullity and he sought an injunction against the Board's administrative hearing that was scheduled for September 22, 2004, on the 2004 administrative complaint.  Plaintiff also asserted unspecified claims under 42 U.S.C.§ 1983 (Count 3),  a defamation claim against Dr. John Bobear (Count 4), and an age discrimination claim (Count 5).

Defendants moved for dismissal or for summary judgment.  In an order entered on September 21, 2004, this court found that Plaintiff had freely and voluntarily entered into the 2002 Consent Order and the court granted Defendants' motion, finding that under *Younger v. Harris*, 401 U.S. 37 (1971), the court was required to abstain from hearing Plaintiff's claims for declaratory and injunctive relief, and related constitutional and § 1983 claims. (*See* No. 04-2248, Doc. No. 8).  The court also found that the Plaintiff had failed to allege an sufficient employment age discrimination claim, and the court declined to exercise jurisdiction over Plaintiff's state law claim of defamation. (*Id.*).

4

**(D)   *Conclusion of the Administrative Proceedings re: the 2004***

   ***Administrative Complaint and Entry of the 2005 Consent Order***

Following the dismissal of his 2004 federal suit, Plaintiff filed a motion to dismiss the 2004 administrative proceeding pending before the Board.  (Defendants' Ex. H).  In that motion, Plaintiff asserted the same constitutional claims he made in the 2004 federal suit.

On April 12, 2005, the Board denied Dr. Farber's motion.  On May 11, 2005, Dr. Farber sought judicial review of that denial in the Civil District Court for the Parish of Orleans, State of Louisiana.  (Defendants' Ex. I).  However, on July 13, 2005, the Board and Dr. Farber signed the 2005 Consent Order (Defendants' Ex. C), and on August 15, 2005 Dr. Farber's petition for judicial review was voluntarily dismissed (Defendants' Ex. J).

The court notes that Dr. Farber signed the "Acknowledgment and Consent" attached to the 2005 Consent Order before a Notary Public and two witnesses.  Further, the 2005 Consent Order recites that "Dr. Farber acknowledges that he has had ample time to review this Consent Order with the benefit of legal counsel."  (2005 Consent Order, p. 2).

### *(E)  Plaintiff's Instant Suit*

On July 3, 2006, Plaintiff (represented by the same counsel who filed his 2004 federal suit) filed the instant suit against the

Board, Charles Foti (the Attorney General for the State of Louisiana), and Rita Arceneaux.  Many of the allegations in this suit parrot the allegations made in his 2004 federal suit. However, the subject of the 2004 federal suit was the 2002 Consent Order, whereas the subject in the present suit is the 2005 Consent Order.

In the present suit, Plaintiff also beefs up his § 1983 claim to read:

> 30.
>
> Farber re-avers and incorporates the allegations of Paragraph[s] 1- 29 hereinabove as if copied *in extenso*, and further alleges that the 2005 Consent Order was the result of a constitutionally-infirm pattern of conduct t a n t a m o u n t   t o   s e l e c t i v e enforcement/prosecution **by the Board** regarding its consent orders, as well as the unlawful targeting of elderly physicians which is tantamount to age discrimination and the abuse of the elderly, all of which constitute violations of 42 U.S.C. § 1983.

(Complaint, ¶ 30)(emphasis added).

Further, Plaintiff's defamation claim now names Rita Arceneaux as a Defendant and it also raises allegations involving Dr. Bobear, who was a Defendant in Plaintiff's 2004 federal suit, but is not a Defendant in this suit.  (Complaint, ¶¶ 31-34).

Plaintiff seeks to have the 2005 Consent Order declared an absolute nullity, and he seeks to have Defendants permanently

enjoined from terminating his medical license and privileges under the 2005 Consent Order. Finally, Plaintiff seeks damages, including but not limited to compensatory damages and attorney's fees.

In the motion now before the court, Defendants do not argue *Younger* abstention[1] but they maintain that Plaintiffs claims must be dismissed because the Board and its employees are immune from suit and that he is barred by collateral estoppel and/or *res judicata* from now raising the constitutional challenges he made to the 2002 Consent Order.

## II.  Legal Analysis

### A.  Immunity

Because there is no evidence that the Board has consented to suit in federal court, the Board which is a part of the Louisiana Department of Health and Hospitals, enjoys Eleventh Amendment immunity. *Torres-Jiminez v. Louisiana State Board of Medical Examiners*, 1995 WL 626155 (E.D.La. 1995)(Sear, J.). Thus, Plaintiff's claims against the Board must be dismissed.

Further, while a state official can be sued in his official capacity, he can only be sued for prospective, non-monetary relief.

---

[1]     When Plaintiff filed his 2004 federal suit, there was an ongoing administrative proceeding. In the present suit, Plaintiff asserts (and Defendants do not dispute) that there is no active or ongoing administrative proceeding between the Board and Dr. Farber. (Complaint, ¶ 13).

7

*Id.*, *citing Edleman v. Jordan*, 415 U.S. 651 (1974); *Ex Parte Young*, 209 U.S. 123 (1908); and *Darlak v. Bobear*, 814 F.2d 1055 (5th Cir. 1987).   Thus, any claims that Plaintiff has asserted against Attorney General Charles Foti (alleged to be the *ex officio* head of the Board) for anything other than prospective, non-monetary relief must be dismissed.

Finally, without any allegation of "malice," Plaintiff's claim of defamation against Defendant Arceneaux (an employee of the Board) must be dismissed because she has statutory immunity pursuant to LSA-R.S. 37:1287, which provides in pertinent part:

> A.   There shall be no liability on the part of, and no action for damages against, any member of the Board, or its agents or employees, ... for any action undertaken or performed by such person within the scope of the duties, powers and functions of the Board ... as provided in this Part when such person is acting **without malice** and in the reasonable belief that the action taken by him is warranted.

LSA-R.S. 37:1287(A)(emphasis added).

## B.  Collateral Estoppel and/or *Res Judicata*?

To the extent that Plaintiff is seeking (in this instant case) either declaratory and injunctive relief against the **2002 Consent Order**, or raising constitutional challenges to the **2002 Consent Order**, he is barred from doing so by the doctrines of collateral estoppel and *res judicata* based on this court's findings in

Plaintiff's 2004 federal suit and the dismissal of his Petition for Judicial Review filed in Civil District Court (CDC).  Further, to the extent that Plaintiff has alleged claims about the **2005 Consent Order** arising from the 2004 administrative proceedings, they are barred by the dismissal of his Petition for Judicial Review filed in CDC.

However, the claims that Plaintiff makes in this case pertaining to the actual content of the **2005 Consent Order** cannot be dismissed based on collateral estoppel or res judicata because the content of the **2005 Consent Order** was not the subject of Plaintiff's 2004 federal suit or his Petition for Judicial Review filed in CDC.

Accordingly;

**IT IS ORDERED** that Defendants' **"Motion to Dismiss or, in the Alternative, Motion for Summary Judgment"** be and is hereby **GRANTED**, **dismissing** all of the Plaintiff's claims against the Louisiana State Board of Medical Examiners based on sovereign immunity, **dismissing** Plaintiff's defamation claim against Rita Arceneaux based on statutory immunity, and **dismissing** Plaintiff's claims against Charles Foti for anything other than prospective, non-

monetary relief;[2]

**IT IS FURTHER ORDERED** that any remaining claim that arises from the **2002 Consent Order or the 2004 administrative proceedings** is barred;

**IT IS FURTHER ORDERED** that Plaintiff be allowed, if he elects to do so, to **AMEND** his Complaint to allege claims against the proper defendant(s) and sufficiently allege claims that arise only

---

[2]     The court notes that in Plaintiff's opposition memorandum, Plaintiff argues that:

> Plaintiff, *inter alia*, is seeking a ruling that the Board's use of the term "Probation" is constitutionally infirm because that term encompasses such a broad array of possible infractions/violations that in effect, the term "Probation" is rendered insufficiently vague and ambiguous so that due process is not satisfied.  The practical effect of using the term "Probation," without any explanatory criteria, when reporting on the status of a physician's medical license, is to effectively and immediately negate a physician's ability to provide medical services and earn a livelihood by precluding the physician's continued participation in medical programs with insurance companies, Medicaid, Medicare, managed-care contracts and the like.  As such, Plaintiff seeks a ruling requiring the Board to more fully and more accurately report the nature of any "Probation."  This is exactly the type of relief permissible against defendant Foti ...

(Plaintiff's Opp. at pp. 9-10).

In their reply memorandum, Defendants point out that:

> [Plaintiff] offers, however, no authority or logical support for this curious and probably unique proposition, and, as noted above, no allegation nor even a suggestion that the word "probation" is unconstitutionally vague can be found anywhere in the complaint.

(Defendants' Reply at p. 3).

from the content of the **2005 Consent Order.**   However, Plaintiff

must file (with this court and not the Magistrate Judge) a **Motion**

**for Leave to File Amended Complaint (with the Amended Complaint**

**attached thereto)** by **Wednesday, December 20, 2006**.[3]   Thereafter,

Defendants may elect to file another Motion to Dismiss or Motion

for Summary Judgment.[4]

---

[3]      The court reminds counsel of the requirements set forth in Federal
Rule of Civil Procedure 11 when making representations to the court:

> **(b)  Representations to Court.**  By presenting to the court
> (whether by signing, filing, submitting or later advocating) a
> pleading, written motion, or other paper, an attorney or
> unrepresented party is certifying that to the best of the person's
> knowledge, information, an belief, formed after an inquiry
> reasonable under the circumstances,-
>
>> (1)  it is not being presented for any improper
>> purpose, such as to harass or to cause unnecessary
>> delay or needless increase in the cost of litigation;
>>
>> (2)  the claims, defenses, and other legal contentions
>> therein are warranted by existing law or by a
>> nonfrivolous argument for the extension, modification,
>> or reversal of existing law or the establishment of
>> new law;
>>
>> (3)  the allegations and other factual contentions
>> have evidentiary support or, if specifically so
>> identified, are likely to have evidentiary support
>> after a reasonable opportunity for further
>> investigation or discovery; and
>>
>> (4)  the denials of factual contentions are warranted
>> on the evidence or, if specifically so identified, are
>> reasonable based on a lack of information or belief.

Fed. R. Civ. Proc. 11(b).

[4]   *Id.*

11

New Orleans, Louisiana, this **5th** day of **December**, **2006.**


_____
A.J. MCNAMARA
UNITED STATES DISTRICT JUDGE

12