```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GEORGE A. FARBER, M.D.            *         CIVIL ACTION

VERSUS                            *         NO: 06-3475

LOUISIANA STATE BOARD OF          *         SECTION: "D"(5)
MEDICAL EXAMINERS, ET AL
```

**ORDER AND REASONS**

Before the court is the **"Motion for Leave to File Amended and Supplemental Complaint and for Reconsideration [of this court's "Order and Reasons" of December 5, 2006]"** (Doc. No. 22) filed by Plaintiff, George A. Farber, M.D. Defendants filed a memorandum in opposition. The motion, set for hearing on Wednesday, March 26, 2008, is before the court on briefs, without oral argument.[1] Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules.

**(1) Background**

The background of this matter is set forth in the court's

---

[1] This motion was initially set to be heard on January 17, 2007, but Plaintiff filed a Notice of Appeal on January 4, 2007. The Fifth Circuit has now ruled that Plaintiff's appeal was from a non-final, unappealable order.

previous "Order and Reasons" (Doc. No. 16), in which the court granted in part the "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" filed by Defendants, the Louisiana State Board of Medical Examiners (Board), Rita Arceneaux and Charles Foti. (*See* Order and Reasons, Doc. No. 16, entered on 12/06/06).[2]

As reflected in the court's "Order and Reasons" (Doc. No. 16), the court **dismissed** all of the Plaintiff's claims against the Louisiana State Board of Medical Examiners based on sovereign immunity, **dismissed** Plaintiff's defamation claim against Rita Arceneaux based on statutory immunity, and **dismissed** Plaintiff's claims against Charles Foti (the then Attorney General for the State of Louisiana) for anything other than prospective, non-monetary relief.[3] The court also found that any remaining claim

---

[2] As set forth in the court's Order and Reasons, Doc. No. 16, the instant suit (No. 06-3475) is Plaintiff's second federal suit, which in large part is a continuum of Plaintiff's first federal suit (filed in 2004 (No. 04-2248)), and other related litigation. Plaintiff's first federal suit was dismissed on a motion for summary judgment filed by Defendants. Many of Plaintiff's initial allegations in this suit parrot the allegations made in his prior suit. However, the subject of the 2004 suit was a 2002 Consent Order (between Plaintiff and the Louisiana State Board of Medical Examiners), whereas the subject of the present suit is a 2005 Consent Judgment (between Plaintiff and the Louisiana State Board of Medical Examiners).

[3] The court noted that in Plaintiff's memorandum in opposition to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," Plaintiff argued that:

> Plaintiff, *inter alia*, is seeking a ruling that the Board's use of the term "Probation" is constitutionally infirm because that term encompasses such a broad array of possible infractions/violations that in effect, the term "Probation" is rendered insufficiently vague and ambiguous so that due process is not satisfied. The practical effect of using the term "Probation," without any explanatory criteria, when reporting on the status of a physician's medical license, is to effectively and immediately negate a physician's ability to provide medical services and earn a

that arises from the **2002 Consent Order or the 2004 administrative proceedings** was barred.

However, the court allowed Plaintiff, if he elected to do so, to **AMEND** his Complaint to allege claims against the proper defendant(s) and sufficiently allege claims that arise only from the content of the **2005 Consent Order.** The court instructed Plaintiff to file (with this court and not the Magistrate Judge) a **Motion for Leave to File Amended Complaint (with the Amended Complaint attached thereto)** by <u>**Wednesday, December 20, 2006**</u>.

**(2) Timeliness of Plaintiff's "Motion for Leave to File Amended and Supplemental Complaint and for Reconsideration"**

In the court's "Order and Reasons" (Doc. No. 16, entered on

---

> livelihood by precluding the physician's continued participation in medical programs with insurance companies, Medicaid, Medicare, managed-care contracts and the like.  As such, Plaintiff seeks a ruling requiring the Board to more fully and more accurately report the nature of any "Probation."  This is exactly the type of relief permissible against defendant Foti ...

(Plaintiff's Opp., Doc. No. 9 at pp. 9-10).

In their reply memorandum, Defendants pointed out that:

> [Plaintiff] offers, however, no authority or logical support for this curious and probably unique proposition, and, as noted above, no allegation nor even a suggestion that the word "probation" is unconstitutionally vague can be found anywhere in the complaint.

(Defendants' Reply, Doc. No. 15 at p. 3).

12/06/06) and "Order" (Doc. No. 17, entered on 12/07/06), the court instructed Plaintiff to file a Motion for Leave to File Amended Complaint (with Amended Complaint attached thereto) by <u>Wednesday, December 20, 2006</u>. The record reflects that on December 20, 2006, Plaintiff filed a "Motion for Expedited Hearing" regarding his "contemporaneously filed Motion for Leave to File Amended and Supplemental Complaint and for Reconsideration." (Doc. No. 20, p. 1).

In an Order entered on December 21, 2006, the court denied this Motion for Expedited Hearing, and the court set Plaintiff's Motion for Leave to File Amended and Supplemental Complaint and for Reconsideration for hearing on January 17, 2007. (Doc. No. 21). Plaintiff's "Motion for Leave to File Amended and Supplemental Complaint and for Reconsideration" was then docketed as Doc. No. 22, and entered on December 21, 2006. (Doc. No. 22). However, the court finds that while Plaintiff's "Motion for Leave to File Amended and Supplemental Complaint and for Reconsideration" was not entered until December 21, 2006, this motion was attached to Plaintiff's Motion for Expedited Hearing which was filed on December 20, 2006. Thus, under the circumstances, the court finds that Plaintiff's "Motion for Leave to File Amended and Supplemental Complaint and for Reconsideration" was timely filed in accordance with the court's Orders.

The court next discusses Plaintiff's Motion for Reconsideration, before addressing Plaintiff's Motion for Leave to File Amended and Supplemental Complaint.

**(3) Plaintiff's Motion for Reconsideration**

Plaintiff "requests reconsideration of that part of the Court's December 5, 2006 Order and Reasons that jettisoned Plaintiff's 42 U.S.C. §1983 selective enforcement/prosecution claims (equal protection and due process) as they related to the Board's 2003-04 investigation, Administrative proceeding and 2005 Consent Order, based on the application of the doctrines of Collateral Estoppel and/or *Res Judicata*."  (Doc. No. 22, p. 3). Plaintiff argues that:

> the issue of selective enforcement/prosecution, as it relates to the 2003-04 investigation, administrative proceeding and subsequent 2005 Consent Order was never litigated on the merits in state court, nor was there a judgment on the merits of that claim.  Moreover, the state-court proceeding did not involve the same parties, as that proceeding was against the [Board] only, and the current litigation is against various individual defendants.

(*Id*. at pp. 3-4).

Plaintiff further "requests that the [court] permit [him] an opportunity to further amend his Complaint to more fully allege his selective/prosecution claim (equal protection and due process

5

against Defendant Bobear as related to the Board's 2003-04 investigation, Administrative proceeding and 2005 Consent Order." (*Id.* at p. 5).

The court **DENIES** Plaintiff's Motion for Reconsideration. And the court repeats what it stated in its previous "Order and Reasons" (Doc. No. 16):

> To the extent that Plaintiff is seeking (in this instant case) either declaratory and injunctive relief against the **2002 Consent Order**, or raising constitutional challenges to the **2002 Consent Order**, he is barred from doing so by the doctrines of collateral estoppel and *res judicata* based on this court's findings in Plaintiff's 2004 federal suit [No. 04-2248] and the dismissal of his Petition for Judicial Review filed in Civil District Court (CDC). Further, to the extent that Plaintiff has alleged claims about the **2005 Consent Order** arising from the 2004 administrative proceedings, they are barred by the dismissal [with prejudice] of his Petition for Judicial Review filed in CDC.
>
> However, the claims that Plaintiff makes in this case pertaining to the actual content of the **2005 Consent Order** cannot be dismissed based on collateral estoppel or *res judicata* because the content of the **2005 Consent Order** was not the subject of Plaintiff's 2004 federal suit or his Petition for Judicial Review filed in CDC.

(*See* Order and Reasons, Doc. No. 16, pp. 7-8).

**(4) Plaintiff's Motion for Leave to File Amended and Supplemental Complaint**

The court recognizes that Federal Rule of Civil Procedure 15(a) requires that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.Proc. 15(a). And "[a] district court must possess a 'substantial reason' to deny a request for leave to amend. *Smith v.EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

In determining whether to grant Plaintiff leave to file his proposed Amended and Supplemental Complaint, the court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Id.*

Here, while the filing of Plaintiff's Motion for Leave to File Amended Complaint is deemed timely, the court finds that Plaintiff's proposed Amended and Supplemental Complaint in not in compliance with that portion of the Court's previous Order allowing Plaintiff to "allege claims that arise only from the content of the **2005 Consent Order**."[4] (*See* Order and Reasons, Doc. No. 16, pp. 10-

---

[4] As the court previously discussed in its Order and Reasons (Doc. No. 16):

> Following the dismissal of his 2004 federal suit, Plaintiff filed a motion to dismiss the 2004

7

11).

In his proposed Amended and Supplemental Complaint, Plaintiff re-avers and re-alleges "[a]ll averments and allegations contained in Plaintiff's original Complaint that survived the Court's December 5, 2006 Order and Reasons." (*See* proposed Amended and Supplemental Complaint at ¶1). The only claims that remained viable after the court's December 5, 2006 Order and Reasons were Plaintiff's claims against Charles Foti (the then Attorney General for the State of Louisiana) for prospective, non-monetary relief,

---

> administrative proceeding pending before the Board. (Defendants' Ex. H). In that motion, Plaintiff asserted the same constitutional claims he made in the 2004 federal suit.
>
> On April 12, 2005, the Board denied Dr. Farber's motion. On May 11, 2005, Dr. Farber sought judicial review of that denial in the Civil District Court for the Parish of Orleans, State of Louisiana. However, on July 13, 2005, the Board and Dr. Farber signed the 2005 Consent Order, and on August 15, 2005 Dr. Farber's petition for judicial review was voluntarily dismissed [with prejudice].
>
> **The court notes that Dr. Farber signed the "Acknowledgment and Consent" attached to the 2005 Consent Order before a Notary Public and two witnesses. Further, the 2005 Consent Order recites that "Dr. Farber acknowledges that he has had ample time to review this Consent Order with the benefit of legal counsel." (2005 Consent Order, p. 2).**
>
> . . .
>
> On July 3, 2006, Plaintiff (represented by the same counsel who filed his 2004 federal suit) filed the instant suit . . .

(*See* Order and Reasons, Doc. No. 16, p. 5, citations omitted, emphasis added).

8

although it was unclear from the vague allegations in Plaintiff's original Complaint as to what these claims really were.

In his proposed Amended and Supplemental Complaint, Plaintiff also names not only Charles Foti as a Defendant, but also seeks to add Rita Arceneaux, Stacy Gaudin and John Bobear, M.D. (*See* Proposed Amended and Supplemental Complaint at ¶¶2-5). Stacy Gaudin and John Bobear, M.D. are "new" Defendants, as they were not named as Defendants in Plaintiff's original Complaint. Rita Arceneaux was a named Defendant in Plaintiff's original Complaint, but the court dismissed Plaintiff's claims against her.

In his proposed Amended and Supplemental Complaint, Plaintiff seeks a Declaratory Judgment (based on his assertion of the undefined use of the term "Probation" in the 2005 Order) and Plaintiff makes claims that Defendants' actions (associated with the use of the term "Probation" in the 2005 Consent Order) violated Plaintiff's constitutional rights. However, contrary to the court's instructions to Plaintiff to allege in his Amended Complaint "claims that arise only from the content of the **2005 Consent Order**," Plaintiff also asserts in his proposed pleading claims *unrelated* to the 2005 Consent Order.

In the court's previous Order and Reasons, the court dismissed Plaintiff's defamation claim against Defendant Arceneaux because Plaintiff failed to allege the essential element of "malice" and

9

thus Defendant Arceneaux (an employee of the Board) was entitled to statutory immunity under LSA-R.S. 37:1287. (*See* Order and Reasons, Doc. No. 16, at p. 8).   In his proposed Amended and Supplemental Complaint, Plaintiff re-alleges defamation claims against Rita Arceneaux (with the element of malicious intent) and he also asserts vaguely articulated claims against Defendant Arceneaux for alleged actions "subsequent to the confection of the 2005 Order." (Proposed Amended & Supplemental Complaint at ¶ 30). Plaintiff also asserts defamation claims against the "new" Defendants, Stacy Gaudin and John Bobear, M.D.     Finally, Plaintiff re-asserts vague "age" discrimination claims. (*Id.* at ¶¶33-34).

Given the history and background of this case and other litigation filed by Plaintiff, and considering this court's previous Order in *this case* dismissing Plaintiff's claims against Charles Foti (the then Attorney General for the State of Louisiana) for anything other than prospective, non-monetary relief, and after permitting Plaintiff to amend his complaint to "allege claims that arise only from the content of the **2005 Consent Order,**" the court concludes that Plaintiff should be allowed to file his proposed Amended and Supplemental Complaint, ***but only to the extent that Plaintiff alleges therein claims against Defendant Foti for prospective, non-monetary relief with said claims arising only from the content of the 2005 Consent Order***.

Thus, the court **GRANTS** Plaintiff's Motion for Leave to File

Amended and Supplemental Complaint, but the court **STRIKES** from Plaintiff's Amended and Supplemental Complaint the following paragraphs:

>**3, 4, 5, 14, 15, 16, 17, 24, 25, 26, 27, 30, 31, 32, 33, and 34**

The court **STRIKES** these paragraphs because the court finds that the allegations and/or claims asserted therein: (1) would cause undue delay in this proceeding; (2) fail to cure deficiencies in Plaintiff's initial Complaint, and/or fail to assert claims limited to prospective, non-monetary relief, and/or to comply with the court's instruction that Plaintiff be allowed to amend to "allege claims that arise only from the content of the **2005 Consent Order;**" and (3) to the extent that allegations/claims in these paragraphs are defamation claims, such claims are futile because they would be subject to dismissal. If the court would allow Plaintiff leave to amend to assert defamation claims, the court would decline to exercise jurisdiction, supplemental or otherwise, over such claims because such claims are insufficiently related to any claims which the court has original jurisdiction.

Finally, to the extent hat paragraphs 35 and 36 of the Original Complaint and paragraphs 33 and 34 of the Amended Complaint assert claim under age discrimination employment law (federal or state), such claims are dismissed because there is no allegation that Defendant Foti is Plaintiff's employer. Any other claim purportedly based on Plaintiff's age is so inarticulate that it

fails to state a claim upon which relief can be granted.

*Accordingly;*

**IT IS ORDERED** that Plaintiff's **"Motion for Leave to File Amended and Supplemental Complaint and for Reconsideration"** (Doc. No. 22) be and is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth above.

Defendants may elect to file another **Motion for Summary Judgment** seeking dismissal of Plaintiff's remaining claim(s), which for clarification consist only of *__claim(s) against Defendant Foti for prospective, non-monetary relief from use of the word "Probation" in the 2005 Consent Order__*.[5]

New Orleans, Louisiana, this **18th** day of **April**, **2008**.

```
                                    _____
                                           A.J. McNAMARA
                                    UNITED STATES DISTRICT JUDGE
```

---

[5]  The court notes the wording of the 2005 Consent Order, which provides in part:

> By his subscription hereto, Dr. Farber acknowledges that he hereby waives any right to which he may be entitled pursuant to the Louisiana Administrative Procedure Act or other law(s), including but not limited to his right to contest his agreement or to challenge the force and effect of the Board's investigation or **this Consent Order in any court.**

(*See* 2005 Consent Order, Doc. No. 4-4, p. 22 of 39, emphasis added).

The court further notes that the 2005 Consent Order was signed by Plaintiff, under signatures of two witnesses and a Notary. (*Id.* at p. 26 of 39).

13